Daniel C. Green (ISB No. 3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
201 East Center Street
P. O. Box 1391
Pocatello, Idaho 83204
Telephone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorney for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ANDREA SILVA,<br><br>Debtor. | Case No. 18-40299-JMM<br>(Chapter 7) |
| GARY L. RAINSDON, as Trustee of the Bankruptcy Estate of Andrea Silva,<br><br>Plaintiff.<br><br>v.<br><br>GRACE BARTON aka GRACE BAUER aka GRACE HANES, an individual,<br><br>Defendant. | Adversary Case No. |

**ADVERSARY COMPLAINT**

Gary L. Rainsdon, the duly appointed and acting Chapter 7 Trustee of the Debtor herein ("Plaintiff" or "Trustee") and pursuant to Federal Rule of Bankruptcy Procedure 7001 and for his cause of action against the above-named Defendant, hereby states and alleges as follows:

## JURISDICTION AND PARTIES

1. This adversary proceeding arises under Title 11 of the United States Code and arises in or is related to the captioned Chapter 7 case now pending in the United States Bankruptcy Court for the District of Idaho as Case No. 18-40299-JMM.

2. On April 10, 2018 (the "Petition Date"), a voluntary petition under Chapter 7 of Title 11 of the United States Code was filed by Andrea Silva (the "Debtor"). Plaintiff is the duly appointed and acting trustee of the bankruptcy estate of the Debtor.

3. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 11 U.S.C. §§ 105, 542, 544, 547, 550 and 28 U.S.C. §§ 157, 2201, and 1334 and pendant jurisdiction over related state law claims hereinafter set forth, all pursuant to the standard order of reference entered in this District.

4. The Trustee believes the 11 U.S.C. § 547 claim being pursued in this adversary case is a "Core Proceeding" pursuant to 28 U.S.C. § 157 and related authority.

5. Upon information, at all times herein, the Defendant, Grace Barton aka Grace Bauer aka Grace Haynes, (the "Defendant") was an individual residing in Arizona and is the Debtor's mother-in-law.

## FACTUAL BACKGROUND

6. Debtor married Barry R. Haynes ("Barry") on or about July 18, 2014.

7. Prior to the marriage, in 2010, Barry purchased a piece of real property located at 7220 S. 46th Ln. Laveen, AZ 85339 (the "Property")[1] for $151,095.00.

8. During the marriage, community funds were expended to pay the mortgage on the Property and enhance the value of the Property.

---

[1] The Property is legally described as: Unit 4, Lot(s) 157, of Rogers Ranch, Map Book 680, Map Page 24.

ADVERSARY COMPLAINT – Page 2

9. During the marriage, Debtor and Barry received a loan in the amount of $26,500 from Defendant that benefited the community (the "Debt").

10. On or about December 15, 2017, Debtor and Barry sold the Property for the sale price of $215,000.00.

11. After payment to the lienholder, Wells Fargo Bank, Debtor and Barry received approximately $83,439.40 of proceeds from the sale of the Property.

12. The Trustee is advised and believes and therefore alleges that within ninety days of the Petition Date, the Debtor and Barry paid to Defendant the sum of $26,500 for the Debt, an antecedent debt.

13. The payments made by Debtor and Barry to Defendant allowed Defendant to receive more than Defendant would receive in a Chapter 7 case.

## FIRST CAUSE OF ACTION
(Avoidance of Preferential Transfers - 11 U.S.C. § 547)

14. The Trustee restates the allegations contained in paragraph 1-13 above and incorporates the same herein by reference as if set forth fully.

15. Defendant is an unsecured creditor of Debtor.

16. Debtor's payment of $26,500 to Defendant constitutes a "transfer"

17. Said transfer was made within ninety days of the Petition Date and was for the benefit of a creditor and on account of an antecedent debt owed by the Debtors before such transfer was made.

18. At all material times, Debtor was insolvent.

19. As a result of the transfer made by Debtor to the Defendant, the Defendant received more than it would have received if (i) the case was under a Chapter 7 of the bankruptcy code, (ii)

**ADVERSARY COMPLAINT** – Page 3

the transfer had not been made, and (iii) Defendant had received a distribution on account of its antecedent debt under the provisions of the Bankruptcy Code.

20. The Trustee is entitled to avoid the transfer under Section 547(b).

## SECOND CLAIM FOR RELIEF
(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

21. The Trustee realleges the allegations contained in paragraphs 1-20 above and incorporates the same herein by reference.

22. The transfer constitutes a preference avoidable pursuant to 11 U.S.C. §§ 544 and 547.

23. Defendant is the initial transferee of the transfer.

24. The transfer is recoverable from the Defendant as the initial transferee of the Debtor pursuant to 11 U.S.C. § 550.

## THIRD CAUSE OF ACTION
(Preservation of Avoided Interest 11 U.S.C § 551)

25. The Trustee reasserts the allegations contained in paragraphs 1-24 above and incorporates the same herein by reference.

26. Section 551 of the Bankruptcy Code provides that any transfer avoided under 11 U.S.C. § 547 is preserved for the benefit of the estate.

27. The avoided transfer to Defendant within the preference period should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

## FOURTH CLAIM FOR RELIEF
(Costs, Attorney's Fees and Other Relief)

28. The Trustee realleges the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.

29. The Trustee is entitled to recover from the Defendant the costs and expenses incurred in connection with bringing this adversary proceeding, including all reasonable attorney's

ADVERSARY COMPLAINT – Page 4

fees as well as any other relief, legal or equitable, pursuant to applicable state law, contract, as a commercial transaction, or as otherwise as the Court determines is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee requests judgment against the Defendant as follows:

A.　　On the First Claim for Relief, for a judgment avoiding the Debtor's transfer of $25,600.00 to Defendant pursuant to 11 U.S.C. § 547;

B.　　On the Second and Third Claims for Relief, that the avoided transfer be recovered and preserved for the benefit of the bankruptcy estate pursuant 11 U.S.C. §§ 550 and 551;

C.　　For reasonable attorney fees and costs incurred by the Trustee; and

D.　　For such other and further relief as the Court deems just and proper.

DATED this 19th day of August, 2019.

　　　　　　　　　　　　　　　　　RACINE OLSON, PLLP


　　　　　　　　　　　　　　　　　By: /s/ Daniel C. Green
　　　　　　　　　　　　　　　　　　　　DANIEL C. GREEN